**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> PEEL TECHNOLOGIES, INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. <br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Peel Technologies, Inc. ("Peel"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 303, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Peel is a Delaware corporation having a regular and established place of business at 1901 S. Bascom Avenue, Campbell, California 95008. Peel offers for sale and sells its products and/or services, including those accused herein of infringement, to customers and potential customers located in this judicial district and elsewhere in Delaware. Peel may be

served with process through its registered agent for service in Delaware: Incorporating Services, Ltd., 3500 S. DuPont Highway, Dover, Delaware 19901.

## JURISDICTION AND VENUE

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Peel due, *inter alia*, to Peel's incorporation in Delaware and, further, due to its continuous presence and systematic contacts with this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b).

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,622,018)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,622,018 ("the '018 Patent"), entitled PORTABLE DEVICE CONTROL CONSOLE WITH WIRELESS CONNECTION that issued on September 16, 2003. A true and correct copy of the '018 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '018 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. Peel manufactures, uses, sells, offers for sale and/or imports into the United States: the Peel Smart Remote app.

11. Peel has directly infringed, and continues to directly infringe, one or more claims of the '018 Patent in the United States during the pendency of the '018 Patent, including claims

1-9 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Peel Smart Remote.

12.     Should use of the Peel Smart Remote be found to not literally infringe the asserted claims of the '018 Patent, use of the Peel Smart Remote would nevertheless infringe the asserted claims of the '018 Patent.  More specifically, the Peel Smart Remote perform substantially the same function (a first device remotely controlling a second device over a wireless connection), in substantially the same way (using wireless commands to cause the second device to perform a selected function), to yield substantially the same result (performance of a function by the second device that cannot be performed on the first device).  Peel would thus be liable for direct infringement under the doctrine of equivalents.

13.     Peel has indirectly infringed, and continues to indirectly infringe, claims 1-9 of the '018 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Peel Smart Remote having the functionality described in this Count.  Peel's customers who use such devices in accordance with Peel's instructions directly infringe claims 1-9 of the '018 Patent in violation of 35 U.S.C. § 271.  Peel directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- https://peel.com, including:

    https://peel.com/products

- http://peel.freshdesk.com/support/solutions/

- www.apkmirror.com/apk/peel-technologies-inc/peel-smart-remote

- https://smart-remote.en.uptodown.com

- www.androidapksfree.com/apk/peel-smart-remote/

- https://apkpure.com/peel-smart-tv-remote-control/tv.peel.app

- https://play.google.com/store/apps/

- https://itunes.apple.com/us/app/

- www.youtube.com

Peel is thereby liable for infringement of the '018 Patent under 35 U.S.C. § 271(b).

14.     Peel has indirectly infringed, and continues to indirectly infringe, claims 1-9 of the '018 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Peel Smart Remote, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '018 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

15.     Peel will have been on notice of the '018 Patent since, at the latest, the service of this complaint upon Peel.  By the time of trial, Peel will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1-9 of the '018 Patent.

16.     Peel may have infringed the '018 Patent through other devices and/or software utilizing the same or reasonably similar functionality.  Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

17.     Uniloc has been damaged by Peel's infringement of the '018 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Peel as follows:

(A)    declaring that Peel has infringed the '018 Patent;

(B)    awarding Uniloc its damages suffered as a result of Peel's infringement of the '018 Patent;

(C)    awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)    granting Uniloc such further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

**O'KELLY ERNST & JOYCE, LLC**

Date: October 31, 2017

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
Daniel P. Murray (No. 5785)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Tel: (302) 778-4000
Fax: (302) 295-2873
Email: sokelly@oelegal.com
Email: dmurray@oelegal.com

Of Counsel:

**ATTORNEYS FOR THE PLAINTIFFS**

Paul J. Hayes
Massachusetts State Bar No. 227,000
James J. Foster
Massachusetts State Bar No. 553,285
Kevin Gannon
Massachusetts State Bar No. 640,931
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com